## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| **ROBERT D. MORRIS**, Individually and on behalf of others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| **AUGUSTA-RICHMOND COUNTY, GEORGIA,** | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** Robert D. Morris, individually and on behalf of others similarly situated, and files this Complaint as a collective action against the Defendant Augusta-Richmond County, Georgia, showing the Court the following:

### PRELIMINARY STATEMENT

1.      This is a collective action brought by Plaintiff Robert D. Morris, on behalf of himself and all other similarly situated current and former firefighters employed by Defendant Augusta-Richmond County, Georgia.

2.      Plaintiff and others similarly situated whom he seeks to represent are current and former employees of Defendant who engage in fire protection activities as defined by the FLSA at 29 USCS § 203(y).

3.      Defendant Augusta-Richmond County, Georgia ("Augusta") is a public agency to which the Fair Labor Standards Act of 1938 ("FLSA") applies pursuant to 29 USCS § 203(x).

4.      It is the policy of Defendant to not pay its firefighters the proper amount of overtime compensation as required by the FLSA.

5.      Plaintiff brings this action, on behalf of himself and other similarly situated current and former firefighters, as a collective action pursuant to the FLSA for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because virtually all of the events or omissions giving rise to the claims occurred in this district, and Defendant had substantial and systematic contacts in this district.

## PARTIES

8.      Defendant Augusta is a government entity that may be served through its mayor, Deke S. Copenhaver, located at 75 Conifer Cir., Augusta, Georgia  30909.

9.      Plaintiff Robert Morris (hereinafter "Plaintiff") is a resident of Georgia. Plaintiff' Notice of Consent to Join this class action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit "A" and is made a part of this Complaint.

10.      Plaintiff is an employee of Defendant who worked as a firefighter for Defendant for more than three years prior to the date of filing of this Complaint.

11.      Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).

12.      Those similarly situated whom Plaintiff seeks to represent are defined as follows:

> All current or former firefighters employed by Defendant who also received stipends for being certified as paramedics or emergency medical technicians and who were not paid the appropriate overtime rate for hours worked in excess of the applicable standard time period within three years prior to this action's filing date.

## GENERAL ALLEGATIONS

13.      Plaintiff and others similarly situated are, or were, employed as firefighters by Defendant within the three years preceding the filing of this complaint.

14.      Since at least 2010, as a requirement of their employment, Plaintiff and others similarly situated were required by Defendant to become and remain certified as either paramedics or emergency medical technicians ("EMTs").

15.     Those firefighters who were certified as paramedics received a stipend in the amount of $1,800 per year in addition to their base salary.

16.     Those firefighters who were certified as EMTs received a stipend in the amount of $1,200 per year in addition to their base salary.

17.     In addition to being a firefighter, Plaintiff has been certified as an EMT since before 2010.

18.     Upon information and belief, Defendant purports to pay overtime to Plaintiff and others similarly situated in accordance with Section 7(k) of the FLSA, which requires overtime pay for employees engaged in fire protection services who work more than 212 hours in a consecutive 28-day period.

19.     Plaintiff and others similarly situated have consistently worked more than 100 hours a year that would qualify for overtime pay pursuant to the FLSA.

20.     When computing rate of pay owed to Plaintiff and others similarly situated for the overtime hours they worked, Defendant has failed to include as part of their regular pay the stipends that Plaintiff and others similarly situated received for being certified as either paramedics or EMTs.

21.     As a result of this error, the overtime compensation rate Defendant has used has been lower than it should and Plaintiff and others similarly situated have received less in overtime pay than they are owed.

22.     Plaintiff has brought this deficiency in overtime pay to the attention of Defendant for over six (6) months.

23.     Defendant has failed to adequately address this problem and failed to pay Plaintiff and others similarly situated the correct amount of overtime pay to which they have been entitled for the past three (3) years.

24.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and others similarly situated.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

25.     Plaintiff and those he seeks to represent are, and have been, similarly situated, have had substantially similar pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them required overtime compensation.  The claims of Plaintiff stated herein are the same as those he seeks to represent.

26.     Plaintiff and others similarly situated seek relief on a collective basis challenging Defendant's practice of failing to pay its firefighters the correct amount of overtime compensation.

27.     Upon information and belief, the number of individuals who are similarly situated to Plaintiff exceeds two hundred (200).

28.     The FLSA 216(b) class is readily ascertainable.  For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Defendant. Notice can be provided to the class via first class mail to the last address known to

Defendant and through posting at Defendant's facilities in areas where postings are normally made.

## CLAIM FOR RELIEF

*Violation of the Fair Labor Standards Act of 1938, as Amended*

29.     Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

30.     In the three years prior to the filing of this complaint, Plaintiff and others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

31.     Defendant is a public agency to which the Fair Labor Standards Act of 1938 ("FLSA") applies pursuant to 29 USCS § 203(x).

32.     Defendant has violated the FLSA by failing to compensate Plaintiff and others similarly situated for hours they worked beyond 212 each 28-day period, as governed by Section 7(k) of the FLSA.

33.     Plaintiff and others similarly situated are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

34.     Defendant's failure to properly compensate Plaintiff and others similarly situated was willfully perpetrated and Plaintiff and others similarly

situated are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

35.    Alternatively, should the Court or jury find that Defendant did not act willfully in failing to pay overtime premium wages, Plaintiff and others similarly situated are entitled to an award of pre-judgment interest at the applicable legal rate.

36.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Robert Morris, on his own behalf and on behalf of all others similarly situated, request the following relief:

a)    An order designating this action as a collective action on behalf of Plaintiff and others similarly situated and issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b)    An order designating Robert Morris as the Named Plaintiff and as representative of the class set forth herein;

c)    Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

d)    An order finding that Defendant violated the FLSA laws regarding overtime compensation;

e)    An order finding that these violations were willful;

f)      Judgment against Defendant in the amount equal to the Plaintiff and others similarly situated unpaid wages at the applicable overtime rates;

g)      An award in the amount of all liquidated damages and penalties as provided under the FLSA;

h)      An award in the amount of all reasonable and necessary costs and attorneys' fees incurred in prosecuting these claims; and

i)      Such further relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury pursuant to Fed. R. Civ. P. 38(b).


Dated this 9th day of October, 2014.


*/s/  John D. Hafemann*
John D. Hafemann
Georgia Bar No.  327982

219 Scott Street, PMB 315
Beaufort, South Carolina 29902-5554
P:  (855) 645-5878
F:  (843) 645-6530


*/s/ Jeremy S. McKenzie*
Jeremy S. McKenzie
Georgia Bar No.  436655
C. Dorian Britt
Georgia Bar No.  083259

KARSMAN, McKENZIE & HART
21 West Park Avenue
Savannah, Georgia 31401
P:  (912) 335-4977
F:  (912) 388-2503