IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| **ROBERT D. MORRIS**, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. **1:14-cv-00196** |
| ) | |
| **AUGUSTA-RICHMOND COUNTY**, ) | |
| **GEORGIA**, ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT
PURSUANT TO 29 U.S.C. § 216(b)**

**I.     INTRODUCTION**

Pursuant to 29 U.S.C. § 216(b), Plaintiffs, by their counsel, and Defendant, by its counsel, hereby move this Court for approval of the terms of the FLSA settlement reached in the above-titled case.[1] As set for below, the parties have reached a comprehensive settlement as to all the claims of the named Plaintiffs, which include claims under the Fair Labor Standards Act.  The parties respectfully request the Court to approve the FLSA settlement as fair, adequate, and reasonable, as soon as possible, so that Plaintiffs may receive their appropriate shares forthwith.

**II.     BACKGROUND**

On October 9, 2014, Robert D. Morris filed a collective action under the Fair Labor Standards Act asserting that he, and others similarly situated, were not paid the appropriate overtime rate for hours worked in excess of the applicable standard time

---

[1] A separate motion for fees and costs and a motion to dismiss non-responsive named plaintiffs are being filed contemporaneously herewith.

period within three years prior to filing the action. Specifically, Mr. Morris alleged that the supplemental pay granted to firefighters for either EMT or Paramedic certification were not properly calculated into each firefighter's base pay for purposes of calculating overtime pay. In March 2015, Plaintiff's Motion for Leave to Amend the Complaint was granted. In the Amended Complaint, there were eighty-eight (88) named Plaintiffs and the class allegations were removed.

The parties initially reached a settlement on the named-plaintiffs' claims in July 2015 and were working towards obtaining all necessary releases to effectuate the settlement. However, in January 2016, Defendant discovered an additional issue which required additional negotiation between the parties and new releases to be executed by all named Plaintiffs. The parties have worked diligently towards resolution of this matter and are prepared to finalize settlement of this matter.

### III.   THE TERMS OF THE SETTLEMENT AGREEMENT

There are a total of eighty-eight (88) named Plaintiffs who are eligible to participate in this settlement. As described in Plaintiffs' Amended Motion to Dismiss Some, But Not All, Plaintiffs, there are fifteen (15) named Plaintiffs who have been non-responsive to counsels' attempts to communicate the terms of the settlement and to obtain their signatures on the settlement agreements and releases provided by Defendant. As a result, this settlement will be final and binding on seventy-three (73) named Plaintiffs.

The settlement contains three specific components: (1) a payment for each named Plaintiff for back wages under the FLSA; (2) a payment for each named Plaintiff for compensatory damages, liquidated damages, and payment of consideration for the Settlement Agreement under the FLSA; and (3) an amount representing proposed

attorneys' fees and costs, which will include all costs, claims administration, and attorneys' fees for Plaintiffs' counsels.

The total settlement amount is $90,113. Specifically, the $90,113 would be divided as follows: (1) $17,001.94 would be allocated to named Plaintiffs for back wages under the FLSA; (2) $33,815.06 would be allocated to named Plaintiffs for compensatory damages, liquidated damages, and payment of consideration for the Settlement Agreement under the FLSA; and (3) Plaintiffs' counsel will apply to the court for attorneys' fees, costs, as well as the cost of administration of the settlement in the amount of $39,296.00, which amount will be subject to Court approval. Further details regarding the allocation of the settlement amount can be obtained from the various settlement agreements. The terms of the FLSA settlement and release that each named Plaintiff has signed are attached hereto as Exhibit A. Payment amounts have been allocated based on the number of overtime hours worked by each named Plaintiff during the entire statutory period.

The distribution of shares shall occur within thirty (30) days after this Court grants final approval of the settlement if there is no appeal. If after 120 days any share allocated to an individual named Plaintiff are uncashed, or such Plaintiff cannot be found after reasonable diligence to locate the individual, those shares will be considered "*cy pres*" and that money will be paid to "Southeastern Firefighters Burn Foundation" in Augusta, Georgia, a non-profit that provides assistance, including lodging, meals, and transportation, to families of burn patients being treated at the Joseph M. Still Burn Center at Doctors Hospital in Augusta, Georgia (www.burnshurtwehelp.org).

## IV.     THE SETTLEMENT IS FAIR AND REASONABLE

The parties believe that the settlement is fair and reasonable under the circumstances.  Each of the 73 named Plaintiffs are receiving an additional $.63-$.65 per overtime hour worked during the statutory period that was not previously properly accounted for.  Moreover, each of the 73 named Plaintiffs are receiving an additional amount equal to $.63-$.65 per overtime hour worked during the statutory period including those that were previously properly accounted for as compensatory damages, liquidated damages, and payment of consideration for the Settlement Agreement.  In short, each of the 73 named Plaintiffs are receiving everything that they would be able to recover if this matter were to proceed to trial, making the amounts, at minimum, reasonable under the circumstances.

## V.     THE COURT SHOULD APPROVE THE SETTLEMENT UNDER APPLICABLE LEGAL PRINCIPLES

Courts generally approve FLSA settlements when they are reached as a result of contested litigation "to resolve bona fide disputes." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Courts favor the settlement of such cases "allowing litigants to achieve their own resolution of disputes." Lomascolo v. Parsons Brinckerhoff, 2009 WL 3094955 *11 (E.D. Va. 2009), Rivera v. Dixson and Extra Clean, Inc., 2015 WL 427031 *2 (D. Md. 2015) (an FSLA settlement should be approved provided that it reflects a "reasonable compromise of disputed issues rather than a mere waiver of statutory rights"). Lynn's Food Stores sets forth the factors to be considered by the Court in approving FLSA settlements, including: (1) whether there are FLSA issues in dispute, (2) the fairness and reasonableness of the settlement, and (3) the

4

reasonableness of the attorneys' fees if included in the agreement. Lynn's Food Stores, 679 F.2d at 1355. These factors are most likely to be satisfied where there is an "assurance of an adversarial context" and where the employees are "represented by an attorney who can protect their rights under the statute." Id.

In the present case, the proposed settlement is not made on a class-wide basis under Rule 23, Fed. R. Civ. P. Instead, the case is being settled only on behalf of the 73 FLSA named Plaintiffs who have opted into this case and who have agreed to the settlement of their FLSA claims on an individual basis. Thus, the requirements for approving a Rule 23 class are not involved here.

The parties believe the overall settlement to be fair and reasonable. As stated previously, each of the 73 named Plaintiffs are receiving everything that they would be able to recover if this matter were to proceed to trial. Moreover, because 2/3 of each named Plaintiffs' settlement amount will be treated as 1099- miscellaneous income, state and federal withholdings will not be taken out. Thus, each Plaintiff is going to receive a substantial sum of money under the proposed settlement. Moreover, Plaintiffs' counsel are highly skilled employment/wage and hour lawyers with significant experience in the field.

## VI. CONCLUSION

For the reasons set forth herein, the parties request that the Court approve this settlement and direct the parties to proceed along the terms of the settlement agreement. The parties would again remind the Court that to the extent that for any reason one or more of the named Plaintiffs cannot be found, their share(s) will be paid to a *cy pres*

beneficiary, the Southeastern Firefighters Burn Foundation in Augusta, Georgia, which is an extremely good use of the *cy pres* funds.

Respectfully submitted this 29th day of June, 2016.

/s/ *C. Dorian Britt*
C. Dorian Britt, Esq.
Georgia Bar No. 083259
dorian@kmtrial.com
*Counsel for Plaintiff*

KARSMAN, McKENZIE & HART
21 West Park Avenue
Savannah, Georgia  31401
(912) 335-4977

 /s/  *Jody M. Smitherman*
Jody M. Smitherman, Esq.
Georgia Bar No. 652519
jsmitherman@augustaga.gov
*Counsel for Defendant*

AUGUSTA, GEORGIA LAW DEPARTMENT
520 Greene Street
Augusta, Georgia  30901
(706) 842-5550