IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ROBERT D. MORRIS, et al.          *
                                  *
    Plaintiffs,               *
                                  *
v.                                *       1:14-cv-196
                                  *
AUGUSTA-RICHMOND COUNTY,          *
GEORGIA,                          *
                                  *
    Defendant.                *

**O R D E R**

Plaintiff Robert Morris initiated this action in October 2014 alleging Defendant violated the Fair Labor Standards Act ("FLSA") by not properly paying overtime compensation to him and other firefighters. (See Doc. 1.) In March 2015, Plaintiff amended the complaint by removing the class allegations and adding eighty-eight firefighters as plaintiffs. (Docs. 20, 22.) The parties reached a settlement, and after the Court dismissed fifteen unresponsive Plaintiffs without prejudice, the remaining parties now seek approval of the agreement and attorneys' fees and costs. (Docs. 39-43.)

### I. Settlement Agreement

The FLSA was enacted with the purpose of protecting workers from oppressive working hours and substandard wages. Barrentine

v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981). Because workers and employers often experience great inequalities of bargaining power, Congress made the FLSA's wage-and-hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement that falls short of the FLSA's minimum employee protections. Id.

Accordingly, the FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptional circumstances. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves actions taken by the Secretary of Labor, and, therefore, is inapplicable to the proposed settlement in this case. See id. at 1353.

The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). In such a case, the parties must present the proposed settlement to the Court, and the Court may approve the settlement "after scrutinizing the settlement for fairness." Id. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then the Court may "approve the settlement in order to

promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id.

Plaintiffs filed suit and are represented by counsel, which indicates that a true conflict exists. Plaintiffs are receiving all the wages they claim they are owed in this matter. After careful consideration, the Court is satisfied that the parties' settlement represents a reasonable compromise. Accordingly, the Court **GRANTS** the parties' joint motion for settlement. To the extent Plaintiffs' motion for attorneys' fees and costs is incorporated into the settlement, they are subject to the limitations discussed below.

## II. Motion for Attorneys' Fees and Costs

"The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (internal quotations omitted). The

product of these two figures is the "lodestar." Id. After calculating the lodestar, the Court may then consider whether it should be adjusted upward or downward. Norman v. Hous. Auth., 836 F.2d 1292, 1302 (11th Cir. 1988); Lambert v. Fulton Cnty., 151 F. Supp. 2d 1364, 1369 (N.D. Ga. 2000). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. The Court should also be mindful that a request for attorneys' fees "should not result in a second major litigation." Id.

In addition, in an FLSA settlement, "a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs." Petrov v. Cognoscenti Health Inst., LLC, No 6:09-CV-1918-ORL-22GJK, 2010 WL 557062, at *3 (M.D. Fla. Feb. 12, 2010). Therefore, the "simultaneous negotiation of attorney's fees with a damages award in a FLSA settlement should trigger increased scrutiny of the reasonableness of the settlement." Grimes v. Se. Restaurants Corp., No. 1:12-CV-150 WLS, 2013 WL 4647374, at *3 (M.D. Ga. Aug. 29, 2013). However, if the parties represent "that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless . . . there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney," the Court should approve

4

the fee settlement agreement. Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Here, Plaintiffs are requesting an award of $37,896.18 in attorneys' fees and $1,399.82 in costs. (Doc. 42) Defendant does not oppose these amounts. Nonetheless, the Court must independently review these awards to ensure they are reasonable.

**1. Attorneys' Fees**

C. Dorian Britt and John D. Hafemann represent Plaintiffs. Plaintiffs' motion lists fees for Messrs. Britt and Hafemann totaling $37,896.18 based on a rate of $200.00 per hour and a total of 189.5 hours expended pursuing this matter over twenty months. Counsel has attached a timesheet detailing the tasks completed, the amount of time spent on each task, and which lawyer completed the task. (Doc. 42-3, Ex. 1.) Furthermore, Messrs. Britt and Hafemann have each provided the Court with a sworn affidavit detailing their credentials and experience. (Id., Ex. B, Ex. C.) Finally, Plaintiffs have provided the sworn affidavit of S. Wesley Woolf, Esq., a lawyer specializing in employment actions, who avers, based on his training, education, and experience, that (1) Plaintiffs' counsel's time spent on the case is typical for a case of this nature; and (2) their hourly rate of $200.00 was "well within, if not below, the range of reasonable and typical rates charged by attorneys in this district handling similar cases." (Id., Ex. D.)

After careful review of the filings in this case and based on the enumerated tasks, the time expended on each, and Mr. Britt's and Mr. Hafemann's experience, the Court determines that the award of attorneys' fees is fair and reasonable.

### 2. No Conflict

In addition to determining its reasonableness, the Court must review Plaintiffs' attorneys' fees award to ensure it does not adversely impact Plaintiffs' recovery. See Grimes, 2013 WL 4647374, at *3. Here, Plaintiffs' attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Plaintiffs, and there is no indication that the award reduced Plaintiffs' recovery. Indeed, Plaintiffs' award, allocated individually based on the number of overtime hours worked by each Plaintiff during the entire statutory period, includes $17,001.94 in back pay and $33,815.06 in compensatory and liquidated damages. (Doc. 43, p. 3.) Because each Plaintiff is being more than fully compensated and the attorneys' fees were agreed upon separately and without regard to the amount paid to Plaintiffs, there is no concern regarding a conflict of interest between Plaintiffs and their counsel. Accordingly, the Court **GRANTS** Plaintiffs' request for attorneys' fees in the amount of $37,896.18.

### 3. Costs

In addition to $37,896.18 in attorneys' fees, Plaintiffs also seek reimbursement of $1,399.82 in costs advanced by Plaintiffs' counsel. (Doc. 42.) "The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). However, the statute "does not permit a court to award such fees beyond the allowances recoverable pursuant to 28 U.S.C. § 1920 as limited by 28 U.S.C. § 1821." Willoughby v. Youth Villages, Inc., No. 1:13-CV-03910-SCJ, 2016 WL 7013537, at *8 (N.D. Ga. Nov. 30, 2016)(quoting Gortat v. Capala Bros., 795 F.3d 292, 296 (2d Cir. 2015)).

Under 28 U.S.C. § 1920, a party may recover the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees,

7

> expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiffs seek reimbursement of $924.82 in expenses for counsel's hotel room, meeting room, meals, and travel to Augusta to arrange settlement. Because these are not taxable costs under 28 U.S.C. § 1920, they are not compensable. See Exhibit Icons, LLC v. XP Companies, LLC, No. 07-80824-CIV, 2009 WL 3877667, at *5 (S.D. Fla. Nov. 18, 2009)(denying travel, lodging, and transportation costs for out-of-state counsel under 28 U.S.C. § 1920).

Plaintiffs' filing fee of $400.00 is a taxable cost under 28 U.S.C. § 1920, and therefore recoverable. Furthermore, private process server fees may be recovered as long as they are in line with the cost of service by the United States Marshals Service. See United States E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) ("We hold that private process server fees may be taxed pursuant to §§ 1920(1) and 1921."). Pursuant to 28 C.F.R. § 0.114, the United States Marshals Service collects "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114.

Plaintiffs provided a copy of a check to Gene Staulcup & Associates in the amount of $75.00 for service. Because this

amount is comparable to the cost of service by the United States Marshals Service and Defendant raises no objection, the Court allows Plaintiffs to recover this cost.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' requests for costs. Plaintiffs' counsel may recover $475.00 in filing and service costs from Defendant.

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** the parties' motion for settlement subject to the Court's modification of the agreed upon costs (docs. 41, 43), **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for Attorneys' Fees and Costs (doc. 42), and **APPROVES** their settlement. Plaintiffs' counsel may recover a total of $37,896.18 in attorneys' fees and $475.00 in costs from Defendant as part of the settlement. This case is hereby **DISMISSED WITH PREJUDICE**. The Clerk shall **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 21st day of March, 2017.

*[signature]*

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA